IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21-355 |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK HILLEBRAND | ) | **[UNDER SEAL]** |
| GEORGE CHARLAN | ) | |
| YUSUF ADEKUNLE | ) | |
| MARCO ARMENTA | ) | |
| SILVIA AYALA | ) | |
| FRANCISCO BARBA | ) | |
| AMY BORTOT | ) | |
| BRANDON CODER | ) | |
| TERRENCE DOUGHERTY | ) | |
| DARREN DOUGLAS | ) | |
| MARCO GALVEZ | ) | |
| CHAD GASBARRE | ) | |
| DANIELLE GILLAM | ) | |
| KENNETH GILLAM | ) | |
| MORGAN GREGORY | ) | |
| DARRYL ISAACS | ) | |
| KRISTY LEPIONKA | ) | |
| CHRISTIAN MALDONADO | ) | |
| LISANDRA MALDONADO | ) | |
| ABEL PEREZ | ) | |
| JEFFREY PETERS | ) | |
| MEGAN PYNE | ) | |
| ARMANDO RAZO JR. | ) | |
| a/k/a ARMADO RAZO JR. | ) | |
| CHRISTOPHER ROBERTSON | ) | |
| BRENTON RYANS | ) | |
| RYAN SCHOENING | ) | |
| BRENT SHAFFER | ) | |
| CHRISTINA SHAFFER | ) | |
| MELVIN SHELANDER | ) | |
| DARNELL SMITH | ) | |
| TAYLOR THOMAS | ) | |
| JUAN VILLAGRAN | ) | |
| JOSE VILLALOBOS | ) | |
| JAMES WHITE | ) | |
| JAMES WILLIAMS JR. | ) | |
| TRAVIS WILLIAMS | ) | |
| JUSTIN ZERUTH | ) | |

FILED
AUG 24 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a six-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| One | Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, 500 Grams or More of Mixture and Substance Containing a Detectable Amount of Methamphetamine, 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, and a Quantity of Marijuana<br><br>From July 2020 and continuing thereafter to August 2021 | 21 U.S.C. § 846 | ALL |
| Two | Conspiracy to Commit Money Laundering<br><br>From July 2020 and continuing thereafter to August 2021 | 18 U.S.C. § 1956(h) | HILLEBRAND, CHARLAN, AYALA, BARBA, CODER, LEPIONKA, CHRISTIAN MALDONADO, LISANDRA MALDONADO, RYANS, SCHOENING, SMITH, |

|   |   |   | THOMAS, CHRISTINA SHAFFER |
|---|---|---|---|
| Three | Possession With the Intent to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>On or about October 8, 2020 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | GREGORY |
| Four | Possession With the Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>On or about April 6, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | PETERS |
| Five | Possession of a Firearm and Ammunition by a Convicted Felon<br><br>On or about May 24, 2021 | 18 U.S.C. § 922(g)(1) | ZERUTH |
| Six | Possession With the Intent to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>On or about July 20, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | CHRISTINA SHAFFER |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count 1:**

In order for the crime of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of marijuana, a

3

Schedule I controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That methamphetamine is a Schedule II controlled substance, and cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4), and that marijuana is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(c)(10).

5. That the amount of methamphetamine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 50 grams or more; and/or the amount of the mixture or substance containing a detectable amount of methamphetamine was 500 grams or more (21 U.S.C. § 841(b)(1)(A)(viii)); and/or the amount of the mixture or substance containing a detectable amount of cocaine was 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(ii). (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.     As to Count Two:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of

18 U.S.C. § 1956(h), to be established, the government must prove the following essential elements beyond a reasonable doubt:

    1.    That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

    2.    That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

    3.    That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**C.    As to Count Three and Six:**

In order for the crime of possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United

      States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.     That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

    4.     That the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**D.**     **As to Count Four:**

In order for the crime of possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.     That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.     That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.     That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

E.  **As to Count Five:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly possessed the firearm and/or ammunition described in the Indictment;

2. At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4. The defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

## III. PENALTIES

A.  **As to Count One: Conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of mixture and substance containing a detectable amount of methamphetamine, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and a quantity of marijuana (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent

7

felony that is final:

    1.    A term of imprisonment of not less than fifteen (15) years to a maximum of life.

    2.    A fine not to exceed $20,000,000.

    3.    A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

    1.    A term of imprisonment of at least 25 years to a maximum of life.

    2.    A fine not to exceed $20,000,000.

**B.  As to Count Two: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

    1.    A term of imprisonment of not more than twenty (20) years;

    2.    A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

    3.    If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**C.  As to Count Three and Six: Possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

    1.    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

    2.    A fine not to exceed $5,000,000.

    3.    A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

    **D.**    **As to Count Four: Possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

    1.    A term of imprisonment of not more than twenty (20) years.

    2.    A fine not to exceed $1,000,000.

    3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not more than thirty (30) years.

    2.    A fine not to exceed $2,000,000.

    3.    A term of supervised release of at least six (6) years.

    **E.**    **As to Count Five: Possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

    1.    A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of not more than $250,000 (18U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of not more than three (3) years (or five (5)

years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
PA ID No. 311180

*s/Michael R. Ball*
MICHAEL R. BALL
Assistant U.S. Attorney
PA ID No. 209143